O’Connor, C.J.
{¶ 1} In this consolidated appeal, we address whether a claimant seeking to file a claim against an estate meets the requirement of R.C. 2117.06(A)(1)(a) to “present” a claim “[t]o the executor or administrator in a writing” when the claimant delivers the claim to someone who has not been appointed by a probate court to serve as the executor or administrator of the estate. We hold that the claimant does not meet the statutory requirement, and, accordingly, we reverse the judgment of the Eighth District Court of Appeals.
RELEVANT BACKGROUND
{¶ 2} Joseph T. Gorman entered a contract with appellee, James A. Wilson, to purchase a 15 percent interest in Marine 1, L.L.C., for $300,000. Gorman died on *369 January 20, 2013. At the time of Gorman’s death, he owed Wilson $187,000 on the contract.
{¶ 3} On July 1, 2013, the Cuyahoga County Probate Court opened Gorman’s estate. That same day, the probate court appointed appellant, William Lawrence, as the executor of Gorman’s estate, pursuant to Gorman’s will. The probate court’s docket showed that the estate’s counsel was James A. Goldsmith.
{¶ 4} On July 11, 2013, Wilson’s attorney sent one letter addressed to both Gorman’s personal secretary, Patricia Clark, and Gorman’s accountant and the trustee of his trust, Randall Myeroff. Although that letter was addressed to Clark and Myeroff, not to Lawrence or Goldsmith, the letter purported to present Wilson’s claim for approximately $200,000 to the executor of Gorman’s estate. Wilson intended the letter as the presentment of his claim to the estate, but he did not send the letter to Lawrence or to Goldsmith. According to the record, however, Clark forwarded the letter to Goldsmith on the day she received it and Myeroff forwarded the letter to Goldsmith and Lawrence soon after he received it.
{¶ 5} On September 24, 2013, Goldsmith informed Wilson’s attorney that he was aware that the attorney had sent a letter to Clark and Myeroff on Wilson’s behalf. But Goldsmith asserted that the “mailing of [Wilson’s] claim to the trustee of the decedent’s trust and to his executive assistant are insufficient to effectuate the filing of an appropriate claim” and informed Lawrence that the “claim will not be considered as it was not presented to the Executor of the Estate in accordance with the Ohio Revised Code.”[1]
{¶ 6} On November 14, 2013, Wilson brought suit against Lawrence, as executor of Gorman’s estate, in the Cuyahoga County Common Pleas Court, alleging that Gorman breached the contract. After discovery, the estate and Wilson moved for summary judgment. The trial court judge expressly found that the letter was sent to “two individuals who were not in fact personal representatives of the decedent’s estate” and thus that the letter was not legally sufficient, under R.C. 2117.06, for presenting Wilson’s claim. The trial court granted the estate’s motion for summary judgment and denied Wilson’s motion.
{¶ 7} On Wilson’s appeal, the Eighth District framed the issue before it as whether Wilson timely presented his claim against the estate in accordance with R.C. 2117.06. 2015-Ohio-4677, 49 N.E.3d 826, ¶ 15. After suggesting that Ohio courts have softened the standard for presenting claims under R.C. 2117.06, id. at ¶ 19, the appellate court concluded that Ohio law permits a claim against an estate to be deemed presented when “other individuals connected with the estate *370 receive the claim,” id. at ¶ 22. According to the appellate court, “the fact that Wilson’s claim was forwarded to the estate attorney and the executor by a third party, who w[as] connected with the decedent, is of no consequence.” Id. The appellate court rejected Lawrence’s “strict interpretation of R.C. 2117.06,” i.e., “that the claim be directly presented to the administrator” of the estate. Id.
{¶ 8} Lawrence successfully moved the Eighth District to certify a conflict between its judgment in his cause and the Fourth District Court of Appeals’ decision in Jackson v. Stevens, 4th Dist. Scioto No. CA 1231, 1980 WL 350961 (Jan. 24, 1980). We recognized that conflict and asserted jurisdiction over Lawrence’s discretionary appeal from the Eighth District’s judgment. 145 Ohio St.3d 1420, 2016-Ohio-1173, 47 N.E.3d 165; 145 Ohio St.3d 1421, 2016-Ohio-1173, 47 N.E.3d 166.
ANALYSIS
{¶ 9} We begin with the language of the controlling statute, R.C. 2117.06:
(A) All creditors having claims against an estate, including claims arising out of contract, out of tort, on cognovit notes, or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated, shall present their claims in one of the following manners:
(1) After the appointment of an executor or administrator and prior to the filing of a final account or a certificate of termination, in one of the following manners:
(a) To the executor or administrator in a writing * * *.
(Emphasis added.)
{¶ 10} Our initial inquiry in considering the statute is to determine whether it is ambiguous.
{¶ 11} “It is a cardinal rule of statutory construction that where the terms of a statute are clear and unambiguous, the statute should be applied without interpretation.” Wingate v. Hordge, 60 Ohio St.2d 55, 58, 396 N.E.2d 770 (1979), citing Provident Bank v. Wood, 36 Ohio St.2d 101, 304 N.E.2d 378 (1973). “If [the statute] is ambiguous, we must then interpret the statute to determine the General Assembly’s intent. If it is not ambiguous, then we need not interpret it; we must simply apply it.” State v. Hairston, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 13, citing Sears v. Weimer, 143 Ohio St. 312, 55 N.E.2d 413 (1944), paragraph five of the syllabus (“An unambiguous statute is to be applied, not interpreted”). “When the statutory language is plain and unambiguous, and *371 conveys a clear and definite meaning, we must rely on what the General Assembly has said,” Jones v. Action Coupling & Equip., Inc., 98 Ohio St.3d 330, 2003-Ohio-1099, 784 N.E.2d 1172, ¶ 12, citing Symmes Twp. Bd. of Trustees v. Smyth, 87 Ohio St.3d 549, 553, 721 N.E.2d 1057 (2000), and give effect only to the words the legislature used, making neither additions to, nor deletions from, the statutory language. See Columbia Gas Transm. Corp. v. Levin, 117 Ohio St.3d 122, 2008-Ohio-511, 882 N.E.2d 400, ¶ 19.
{¶ 12} The statute is not ambiguous. The General Assembly’s mandate in R.C. 2117.06(A) is a clear and unequivocal command that “all creditors * * * shall present their claims * * * to the executor or administrator in a writing.” The language unambiguously states that all creditors shall present their claims in writing to the executor or administrator, “and no apparent purpose could be served by attempting to torture it into something else,” Beach v. Mizner, 131 Ohio St. 481, 485, 3 N.E.2d 417 (1936).
{¶ 13} “ ‘Shall’ means must.” Application of Braden, 105 Ohio App. 285, 286, 148 N.E.2d 83 (1st Dist.1957). See also Dorrian v. Scioto Conservancy Dist., 27 Ohio St.2d 102, 107, 271 N.E.2d 834 (1971), citing Cleveland Ry. Co. v. Brescia, 100 Ohio St. 267, 126 N.E. 51 (1919) (“The word ‘shall’ is usually interpreted to make the provision in which it is contained mandatory, * * * especially if frequently repeated”). And “[t]he word ‘must’ is mandatory. It creates an obligation. It means obliged, required, and imposes a physical or moral necessity.” Willis v. Seeley, 68 N.E.2d 484, 485 (C.P.1946). Thus, we repeatedly have recognized that use of the term “shall” in a statute connotes a mandatory obligation unless other language evidences a clear and unequivocal intent to the contrary. State ex rel. Cincinnati Enquirer v. Lyons, 140 Ohio St.3d 7, 2014-Ohio-2354, 14 N.E.3d 989, ¶ 28. Here, there is absolutely no indication in the statutory scheme that the General Assembly meant “shall” to mean anything other than “must.”
{¶ 14} R.C. 2117.06’s requirement for presenting claims against an estate is a mandatory part of the state’s legislative scheme, Fortelka v. Meifert, 176 Ohio St. 476, 480, 200 N.E.2d 318 (1964), that fosters the expeditious and efficient administration of estates, id. at 479, citing Gerhold v. Papathanasion, 130 Ohio St. 342, 345, 199 N.E. 353 (1936). See also Vitantonio, Inc. v. Baxter, 116 Ohio St.3d 195, 2007-Ohio-6052, 877 N.E.2d 663, ¶ 11 (O’Donnell, J., dissenting). It is well settled that the “ ‘state has a strong interest in the administration of its citizens’ estates,’ ” In re Estate of Greer, 197 Ohio App.3d 542, 2011-Ohio-6721, 968 N.E.2d 55, ¶ 22 (1st Dist.), quoting In re Emery, 59 Ohio App.2d 7, 12, 391 N.E.2d 746 (1st Dist.1978), and we assume that the General Assembly’s commands in the statutory scheme were intended to be met with strict compliance. Wilson’s contention that substantial compliance with R.C. 2117.06(A) should be *372 permitted is unpersuasive because “a statute or rule that uses the word ‘shall’ in describing an act to be performed is not generally susceptible of a ‘substantial compliance’ standard of interpretation,” Lyons at ¶ 28. And Wilson identifies no other language in the statute that would be evidence of a clear and unequivocal intent to overcome the mandatory nature of the presentment obligation.
{¶ 15} In reaching this conclusion, we recognize that the requirements of R.C. 2117.06 are not arbitrary ones that elevate form over substance. Rather, they protect the vital interests of the estate and its beneficiaries, as well as the estate’s creditors, by ensuring the orderly, efficient, and legally proper administration of the estate by “a probate fiduciary, an officer of the Probate Court.” Beacon Mut. Indemn. Co. v. Stalder, 95 Ohio App. 441, 445, 447, 120 N.E.2d 743 (9th Dist.1954); see, e.g., Fortelka at 479; Beach, 131 Ohio St. at 485, 3 N.E.2d 417.
{¶ 16} The Ninth District Court of Appeals has explained,
[A] presentation of a claim to a so-called agent of the administrator falls outside of the requirements of the statute, because the functions of the office cannot be delegated to agents.
If the presentation of a claim to an agent of the administrator were permitted, then the legal proceeding would be begun upon such presentation and before knowledge of such fact was had by the officer of the court. The right to file a claim involves a question of time, and the purpose of the legislation to effect a speedy administration of estates would be defeated if the court’s officer were compelled to delay the administration until he had received the report of his agent or his various agents. Furthermore, the fiduciary, personally, is accountable for the fixing of the time when a claim has been presented, and this responsibility cannot be delegated to an agent who does not owe the fidelity required of an officer of the court.
Stalder at 445-446.
{¶ 17} “The statute places the burden upon the claimant to present his claim with the probate officer.” (Emphasis sic.) Id. at 446. If a creditor fails through indifference, carelessness, delay, or lack of diligence to identify the administrator or executor, or to procure the appointment of one so that a claim can be presented, the law should not come to the creditor’s aid. Accord Reid v. Premier Health Care Servs., Inc., 2d Dist. Montgomery No. 17437, 1999 WL 148191, *5 (Mar. 19, 1999), citing Wrinkle v. Trabert, 174 Ohio St. 233, 236, 188 N.E.2d 587 (1963).
*373 {¶ 18} Wilson also advances the Eighth District’s notion that Ohio courts may permit a “softened standard” for presentment of claims under the statute. But no court has the authority to ignore plain and unambiguous statutory language. State v. Craig, 116 Ohio St.3d 135, 2007-Ohio-5752, 876 N.E.2d 957, ¶ 14, citing Morgan v. Ohio Adult Parole Auth., 68 Ohio St.3d 344, 347, 626 N.E.2d 939 (1994). Moreover, the foundation of Wilson’s theory of a softened standard does not support his argument.
{¶ 19} Wilson’s claim focuses on language from our decision in Fortelka, in which we considered a narrow issue: whether the commencement of a personal-injury action against an administrator of a tortfeasor’s estate, accompanied by proper and timely service of the summons and complaint upon the administrator, constituted a valid presentment of the claim to the estate administrator and satisfied the requirements of R.C. 2117.06. Fortelka, 176 Ohio St. at 477-478, 200 N.E.2d 318. We held that under those circumstances, timely service of the suit on the administrator of the estate satisfied R.C. 2117.06’s presentment requirements and “accomplished the legislative object and purpose” of the statute. Id. at 480.
{¶ 20} In so holding, we quoted language that suggested that presentment requirements “ ‘are said to be quite uniformly softened’ ” if the application of the presentment requirements “ ‘would run contrary to reason and common sense.’ ” Id., quoting 22 Ohio Jurisprudence 2d, Section 293, 653 (1956). We concluded that the facts and circumstances in Fortelka justified a determination that the plaintiff had complied with R.C. 2117.06, id. at 481, even though a dissenting opinion in that case suggested that R.C. 2117.06 required that a written claim be presented to the administrator before any suit against the estate could commence, id. (Zimmerman, J., dissenting). See also Beach, 131 Ohio St. at 487, 3 N.E.2d 417 (affirming the dismissal of a complaint against an estate because the plaintiff-claimant failed to allege that his claim had been timely presented to the estate). The facts and circumstances of Fortelka are notably distinguishable from the cause before us, however.
{¶ 21} Significantly for purposes here, counsel for the claimant in Fortelka identified and served the executor of the estate—not an individual lacking any authority over the estate—with the complaint. See id. at 476. Here, Wilson’s counsel neither identified the executor nor presented the executor with the claim described in his letter to Clark and Myeroff. '
{¶ 22} For these reasons, we hold that a claim against an estate must be timely presented in writing to the executor or administrator of the estate in order to meet the mandatory requirements of R.C. 2117.06(A)(1)(a), and under that subdivision, delivery of the claim to a person not appointed by the probate court who gives it to the executor or administrator fails to present a claim against the *374 estate. Our holding is consistent with the lead opinion in the case with which the Eighth District reported a conflict, Jackson v. Stevens, to the extent that that decision held that a claim against an estate must be timely presented in writing to “the actual executor,” 1980 WL 350961, *2. We, too, recognized a conflict between the Eighth and Fourth Appellate Districts. But upon further review, we find that the material facts presented in the two cases are sufficiently different, and we dismiss the conflict as having been improvidently certified.[2]
CONCLUSION
{¶ 23} A claimant against an estate does not meet the requirement under R.C. 2117.06(A)(1)(a) to present a claim to the executor or administrator of an estate if the claimant delivers the claim to someone who has not been appointed by a probate court to serve as the executor or administrator of the estate. Accordingly, we reverse the judgment of the Eighth District Court of Appeals, and we remand the cause to that court to enter judgment in favor of Lawrence.
Judgment reversed and cause remanded.
O’Donnell, Kennedy, French, Fischer, and DeWine, JJ., concur.
O’Neill, J., dissents, with an opinion.

. The letter also stated that the period for claims against Gorman’s estate had ended six months after Gorman’s death, on July 20, 2013.

. According to the Fourth District, the creditor in Jackson “mistakenly sent notice of her claim to a third party, copies sent to the Executor, an attorney receiving no verification of the claim [sic].” 1980 WL 350961, *1. The creditor brought suit against “the supposed third party executor” but dismissed that suit when she learned of her error in naming an incorrect party as the executor. Id. She then brought suit against the properly appointed executor but did so well after the statutory period set forth in R.C. 2117.06. In rejecting her claim that the latter suit had been dismissed improperly, the appellate court noted that “copies of the claim letters were received by the executor prior to the run of the” claim period permitted by R.C. 2117.06, but it also summarily, and inconsistently, noted “[a] timely claim to the actual executor is not present on the record below.” Id. at *2. Thus, we do not find Jackson sufficiently clear on the facts to warrant the finding of a certified conflict for purposes of Article IV, Section 3(B)(4), Ohio Constitution, or S.Ct.Prac.R. 8.02, and we dismiss the conflict as having been improvidently certified. Moreover, the General Assembly amended the statute, Am.Sub.S.B. No. 115,140 Ohio Laws, Part I, 248, 254-255 (effective Oct. 14, 1983), three years after the Fourth District Court of Appeals decided Jackson. Because the Fourth District in Jackson interpreted a different version of R.C. 2117.06, that decision is not in conflict with the Eighth District’s decision in this case.