[Cite as *Shepherd of the Valley Lutheran Retirement Servs., Inc. v. Cesta*, 2019-Ohio-415.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

SHEPHERD OF THE VALLEY : **O P I N I O N**
LUTHERAN RETIREMENT SERVICES,
INC., d.b.a. SHEPHERD OF THE VALLEY :
HOWLAND NURSING FACILITY,
: **CASE NO. 2018-T-0033**

Plaintiff-Appellant, :

- vs - :

RICHARD CESTA, EXECUTOR OF THE
ESTATE OF ROSE CESTA, :

Defendant-Appellee. :


Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2017 CV 01511.

Judgment: Affirmed.


*Daniel A. Friedlander* and *Julie DiBaggio*, Weltman, Weinberg & Reis Co., LPA, 323 West Lakeside Avenue, Suite 200, Cleveland, OH 44113, and *Raymond Vasvari, Jr.* and *Katherine Ann Zimmerman*, Vasvari & Zimmerman, 1100 Erieview Tower, 1301 East Ninth Street, Cleveland, OH 44114 (For Plaintiff-Appellant).

*William M. Flevares*, Flevares Law Firm, LLC, 1064 Niles Cortland Road, N.E., Warren, OH 44484 (For Defendant-Appellee).


DIANE V. GRENDELL, J.

{¶1} Plaintiff-appellant, Shepherd of the Valley Lutheran Retirement Services, Inc., d.b.a. Shepherd of the Valley Howland Nursing Facility, appeals the judgment of the Trumbull County Court of Common Pleas, granting summary judgment in favor of defendant-appellee, Richard Cesta, Executor of the Estate of Rose Cesta. The issue

before this court is whether Shepherd of the Valley's claims against the Estate of Rose Cesta are barred by R.C. 2117.06(B). For the following reasons, we affirm the decision of the court below.

{¶2} On August 31, 2017, Shepherd of the Valley filed a Complaint in the Trumbull County Court of Common Pleas against Cesta, Executor of the Estate of Rose Cesta, asserting that, at the time of Rose Cesta's death on May 15, 2016, she was indebted to Shepherd of the Valley in the principal amount of $24,867 "for room, board, and health care related services rendered while a resident at the Plaintiff's nursing care facility."

{¶3} On January 18, 2018, Cesta filed a Motion for Summary Judgment. On February 20, 2018, Shepherd of the Valley filed its Brief in Opposition. On March 1, 2018, Cesta filed a Reply to the Brief in Opposition.

{¶4} On March 15, 2018, the trial court issued a Judgment Entry, granting Cesta's Motion for Summary Judgment. The court determined as follows:

> Rose Cesta died on May 15, 2016. At the time of her death, she was a resident of Plaintiff's long-term care facility located at 4100 North River Rd. NE[,] Warren Oh 44481. On November 14, 2016, attorney Jeffery Sobeck filed an application to be appointed as Special Administrator of the Estate of Rose Cesta. At the same time, Mr. Sobeck submitted a claim to the Trumbull County Probate Court regarding the alleged debt at issue in this case. Though he applied to be appointed as Special Administrator on November 14, 2016, he was not appointed by the Probate Court until November 21, 2016. Subsequently, Richard Cesta applied to be appointed as the executor of Rose's estate in accordance with Rose's will. The Court then revoked Mr. Sobeck's letters of authority and appointed Richard as executor on June 20, 2017. Upon appointment as executor, Richard rejected the Plaintiff's claim for the debt. Because Plaintiff believes it still has a valid claim, it filed suit within two months of Richard's rejection of the claim in accordance with Ohio Revised Code §2117.12.
>
> * * *

2

Rose passed away on May 15, 2016. Under R.C. 2117.06(C), the claim was required to have been filed by Plaintiff by November 15, 2016. Defendant argues that the claim is untimely because the special administrator was not actually appointed-- and the claim [was] not formally presented-- until November 21, 2016.

* * *

By statute, the Plaintiff had six months to make application to appoint a special administrator to pursue its claim. Such application is not an unduly burdensome or time consuming pursuit. Because the Plaintiff waited until the 11th hour, the claim was untimely filed.

{¶5} On April 12, 2018, Shepherd of the Valley filed a Notice of Appeal. On appeal, it raises the following assignments of error:

{¶6} "[1.] The trial court committed prejudicial error in granting the summary judgment motion of the Defendant-Appellee based upon its determination, under R.C. § 2117.06 (governing claims by the creditors of a decedent), that a claim is time-barred when it is presented within six months of the death of the decedent to a person who has, within that six month period, applied to be named a Special Administrator, but whose appointment is not granted until after the six months has passed, because that holding makes the claim of the Plaintiff-Appellee, a creditor, contingent upon the timing of a judicial act over which it has no control, thereby extinguishing a property interest without due process of law, in violation of the Due Process Clause of the Fourteenth Amendment and Article I, Section 16 of the Ohio Constitution."

{¶7} "[2.] The trial court committed prejudicial error in granting the summary judgment motion of the Defendant-Appellee based upon its determination, under R.C. § 2117.06 (governing claims by the creditors of a decedent), that a claim is time-barred when it is presented within six months of the death of the decedent to a person who

3

has, within that six month period, applied to be named a Special Administrator, but whose appointment is not granted until after the six months has passed, because the result is not compelled by existing case law, favors an unequitable gamesmanship, and undermines the legislative purpose behind the statute."

{¶8} Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "Under this standard, the reviewing court conducts an independent review of the evidence before the trial court and renders a decision de novo, i.e., as a matter of law and without deference to the conclusions of the lower court." (Citation omitted.) *Grubbs v. Delphi Automotive Systems, LLC*, 11th Dist. Trumbull No. 2017-T-0097, 2018-Ohio-2352, ¶ 28.

{¶9} "All creditors having claims against an estate, including claims arising out of contract, * * * shall present their claims * * * [a]fter the appointment of an executor or administrator and prior to the filing of a final account or a certificate of termination, in one of the following manners: (a) To the executor or administrator in a writing; [or] (b) To the executor or administrator in a writing, and to the probate court by filing a copy of the writing with it * * *." R.C. 2117.06(A). "[A]ll claims shall be presented within six months after the death of the decedent, whether or not the estate is released from

4

administration or an executor or administrator is appointed during that six-month period." R.C. 2117.06(B). "[A] claim that is not presented within six months after the death of the decedent shall be forever barred as to all parties * * *." R.C. 2117.06(C).

{¶10} "Where one has a claim against an estate, it is incumbent upon him, if no administrator has been appointed, to procure the appointment of an administrator against whom he can proceed." *Wrinkle v. Trabert*, 174 Ohio St. 233, 188 N.E.2d 587 (1963), paragraph two of the syllabus; *see* R.C. 2113.15 ("[w]hen there is delay in granting letters testamentary or of administration, the probate court may appoint a special administrator to collect and preserve the effects of the deceased and grant the special administrator any other authority that the court considers appropriate").

{¶11} In its first assignment of error, Shepherd of the Valley challenges the constitutionality of R.C. 2117.06. Shepherd notes that its claim against the Estate of Rose Cesta is a protected property interest of which it cannot be deprived without due process of law. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982) ("a cause of action is a species of property protected by the Fourteenth Amendment's Due Process Clause"); *Tulsa Professional Collection Servs., Inc. v. Pope*, 485 U.S. 478, 485, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). Accordingly, "the Fourteenth Amendment's Due Process Clause has been interpreted as preventing the States from denying potential litigants use of established adjudicatory procedures, when such an action would be 'the equivalent of denying them an opportunity to be heard upon their claimed right[s].'" (Citation omitted.) *Logan* at 429-430.

{¶12} The plaintiff in *Logan* had a discrimination claim under the Illinois Fair Employment Practices Act (FEPA). In accordance with FEPA procedures, Logan filed his claim with the Fair Employment Practices Commission. The Commission then had

5

"120 days within which to convene a factfinding conference designed to obtain evidence, ascertain the positions of the parties, and explore the possibility of a negotiated settlement." *Id.* at 424. In *Logan*, the Commission failed to convene the fact finding conference within 120 days of the claim being filed. The Illinois Supreme Court ruled that the 120-day period was jurisdictional and that the Commission's failure to convene the conference effectively extinguished the plaintiff's claim. *Id.* at 424-428.

{¶13} The United States Supreme Court reversed with a plurality opinion. While acknowledging that "[t]he State may erect reasonable procedural requirements for triggering the right to an adjudication," such as statutes of limitation, the Illinois FEPA deprived Logan of the opportunity to be heard "at a meaningful time and in a meaningful manner." (Citation omitted.) *Id.* at 437. The court explained:

> Here * * * the state system itself * * * destroys a complainant's property interest, by operation of law, whenever the Commission fails to convene a timely conference—whether the Commission's action is taken through negligence, maliciousness, or otherwise. * * * Logan is challenging not the Commission's error, but the "established state procedure" that destroys his entitlement without according him proper procedural safeguards.

*Id.* at 436.

{¶14} Shepherd of the Valley maintains that the situation in *Logan* directly parallels the present case. "Section 2117.06 does not ensure claimants a right to be heard, or to present their claims, because it does not ensure that a Special Administrator will be in place to receive their claims within the six month period. The period is fixed, but the right to act within the period is contingent upon the action of the Probate Court, unlike an actual statute of limitations, where a party may unilaterally ensure access to the courts by timely filing a complaint with the clerk, who is obliged to accept it." Appellant's brief at 14.

6

**{¶15}** We disagree. As an initial matter, R.C. 2117.06 has been described as a "self-executing" nonclaim statute to which the due process requirements at issue in *Logan* do not apply. "The state's involvement in the nonclaim statute is * * * limited to its enactment, and the action which activates the running of the limitations period, i.e., the death of the decedent, is a decidedly private one. Thus, the Ohio nonclaim statute is 'self-executing' as that term was described in *Pope* and is not subject to the due process requirements of *Mullane*."[1] *In re Phar-Mor, Inc. Securities Litigation*, 178 B.R. 692, 697 (W.D.Pa.1995); *Fifth Third Bank v. Gottlieb*, 6th Dist. Wood No. WD-96-054, 1997 WL 543069, *2 (Aug. 29, 1997) ("the due process clause is not applicable" to R.C. 2117.06 because "there is no state action involved and Ohio's statute is a self-executing statute of limitations").

**{¶16}** The *Logan* decision is also distinguishable, both legally and factually. The court in *Logan* recognized that "[t]he State may erect reasonable procedural requirements for triggering the right to an adjudication * * *." *Logan* at 437. Even if the requirements of due process applied to R.C. 2117.06, "the State certainly accords *due* process when it terminates a claim for failure to comply with a reasonable procedural or evidentiary rule." *Id.*; *see also* at 434, fn. 7 ("[t]his is not to suggest, of course, that the State must consider the merits of the claim when the *claimant* fails to comply with a reasonable procedural requirement, or fails to file a timely charge").

**{¶17}** In the present case, Shepherd of the Valley did not seek the appointment of a special administrator until the day before the expiration of the six-month period for presenting its claim despite its knowledge of Rose Cesta's death. There is no evidence

1. The *Logan* decision rests on the earlier United States Supreme Court decision of *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), for the proposition that "a cause of action is a species of property protected by the Fourteenth Amendment's Due Process Clause." *Logan* at 428, citing *Mullane* at 311-313.

that Shepherd of the Valley sought an expedited ruling or otherwise advised the probate court of the urgency of the appointment vis-à-vis R.C. 2117.06. Given these circumstances, it cannot be said that Shepherd of the Valley acted with due diligence to comply with R.C. 2117.06's reasonable procedural requirements. The claim in *Logan*, by contrast, was compromised by the state's inaction and dilatory conduct. Thus, we do not find *Logan* applicable.[2]

{¶18} Shepherd of the Valley further claims that, independent of the federal due process clause, R.C. 2117.06 violates the Open Courts and Right-to-Remedy provisions of Article I, Section 16 of the Ohio Constitution. Shepherd of the Valley relies on the Ohio Supreme Court's decision in *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St.3d 54, 514 N.E.2d 709 (1987), in which the court held that the four-year statute of repose for medical malpractice actions in former R.C. 2305.11(B) violated due process when applied "to plaintiffs who could not discover their injuries until more than three years have passed" since it "curtail[ed] their time for pursuing their claim to less than a year." *Id.* at 60.

{¶19} *Gaines* is distinguishable inasmuch as it was an as-applied challenge with respect to plaintiffs who, through no lack of diligence on their part, were deprived a reasonable time for bringing their malpractice actions. As noted above in the present case, Shephard of the Valley's failure to present a timely claim was the result of its delay in seeking the appointment of a special administrator.

{¶20} The first assignment of error is without merit.

---

2. It is worth noting that the opinion in *Logan* was a plurality opinion. In a separate concurring opinion, Justice Powell, joined by Justice Rehnquist, expressed concern over "the potential implications of the Court's expansive due process analysis" and the opinion that the case "should be decided narrowly on its unusual facts." *Logan* at 443 (Powell, J., concurring).

**{¶21}** In its second assignment of error, Shepherd of the Valley argues that the trial court misread R.C. 2117.06 as requiring the actual appointment of an executor or administrator prior to the executor or administrator receiving written notice of the claim. Rather, the "unusual circumstances" of the present case "warrant the application of equitable principals, rather than a black-and-white application of R.C. 2117.06." Appellant's brief at 25. Although "no administrator was available to receive the claim during [the six-month] period," the "Special Administrator in this case was aware of the claim presented by Shepherd before his appointment, and within the six months * * * allowed by law" and "[h]e carried that knowledge with him after his appointment." *Id.*

**{¶22}** Shepherd of the Valley recognizes, however, that as recently as 2017, the Ohio Supreme Court has "invoked a literal reading of Section 2117.06" with respect to the "mandate upon claimants as to the means of presentation." Appellant's brief at 21. In *Wilson v. Lawrence*, 150 Ohio St.3d 368, 2017-Ohio-1410, 81 N.E.3d 1242, the court held:

> A claim against an estate must be timely presented in writing to the executor or administrator of the estate in order to meet the mandatory requirements of R.C. 2117.06(A)(1)(a), and under that subdivision, delivery of the claim to a person not appointed by the probate court who gives it to the executor or administrator fails to present a claim against the estate.

*Id.* at syllabus. This holding was an express rejection of the "contention that substantial compliance with R.C. 2117.06(A) should be permitted." *Id.* at ¶ 14. "The language unambiguously states that all creditors *shall* present their claims in writing to the executor or administrator, 'and no apparent purpose could be served by attempting to torture it into something else.'" (Citation omitted.) *Id.* at ¶ 12; *In re Estate of Curry*, 10th Dist. Franklin No. 09AP-469, 2009-Ohio-6571, ¶ 10 and 12 ("[s]trict application of the

9

statutory language to the facts at issue dictates the trial court properly concluded appellant's claim is forever barred because it was not filed within the time frame required under R.C. 2117.06" despite the fact that "the eventual administrator had actual knowledge of the claim before the time for its presentation had expired").

**{¶23}** Shepherd of the Valley maintains that the statute need not be strictly applied in all situations. It cites *Fortelka v. Meifert*, 176 Ohio St. 476, 200 N.E.2d 318 (1964), for the proposition that "the mandatory provisions of the [statute] requiring presentation in writing to the personal representative of claims against the estate he represents, are said to be quite uniformly softened and not enjoined when the application of such provisions would run contrary to reason and common sense." (Citation omitted.) *Id.* at 480.

**{¶24}** The issue in *Fortelka* was stated thus: "Does the commencement of an action against an administrator on a claim against the estate of administrator's decedent, within four months of his appointment and accompanied by proper service of summons with a copy of the petition upon the administrator, constitute a valid 'presentment' of such claim to the administrator and satisfy the requirements of Section 2117.06, Revised Code?" *Id.* at 478. Stated otherwise, the issue was whether R.C. 2117.06's requirement that claims be presented in writing are satisfied by the filing of a petition/complaint.[3]

**{¶25}** The court in *Fortelka* did not in any way disregard the mandatory requirements of R.C. 2117.06, but, rather, found that the filing of a complaint/petition satisfied them:

---

3. In a dissenting opinion, the position was taken that "the presentation of a written claim to an executor or administrator for his allowance or rejection, within four months of his appointment, is a condition precedent to the bringing of an action on such claim." *Id.* at 481 (Zimmerman, J., dissenting).

10

> The petition in the instant case, accompanied by proper service of summons with a copy of the petition upon the administratrix, embraces all four of the statutory requirements of Section 2117.06, Revised Code, i.e., presentment, in writing within four months of appointment, and claimant's address, and thereby accomplished the legislative object and purpose of such statutory requirements. This constitutes the presentment of a 'claim' within the meaning of Section 2117.06, Revised Code.

*Id.* at 480.

{¶26} The situation in the present case is substantively different. Shepherd of the Valley failed to embrace the statutory requirements in that it did not present its claim in writing to the executor and/or administrator of the estate. The fact that there was no executor or administrator to whom a claim could be presented does not excuse the failure. As noted above, "it is incumbent upon [the claimant], if no administrator has been appointed, to procure the appointment of an administrator against whom he can proceed." *Wrinkle*, 174 Ohio St. 233, 188 N.E.2d 587, at paragraph two of the syllabus. Nor is Shepherd of the Valley's failure excused by the fact that an administrator must be appointed by the probate court. In the present case, the probate court appointed an administrator seven days after being petitioned to do so. Shepherd of the Valley had actual knowledge of Rose's death (she was a resident of Shepherd of the Valley Howland Nursing Facility at the time of her death) and so had one hundred and eighty days to procure the appointment yet chose to wait until the one hundred and seventy-ninth day to petition the probate court and did not seek an expedited appointment. "If a creditor fails through indifference, carelessness, delay, or lack of diligence to identify the administrator or executor, or to procure the appointment of one so that a claim can be

11

presented, the law should not come to the creditor's aid."  *Wilson*, 150 Ohio St.3d 368, 2017-Ohio-1410, 81 N.E.3d 1242, at ¶ 17.[4]

{¶27} Shepherd of the Valley also relies on the case of *Gerhold v. Papathanasion*, 130 Ohio St. 342, 199 N.E. 353 (1936), as an example of a situation where presentment of the claim to someone other than the executor or administrator of the estate did not bar subsequent legal action.  *Id.* at syllabus ("[t]he provisions of sections 10509-112 and 10509-134, General Code (114 Ohio Laws, 320, 426, 431), do not require the owner of a promissory note to present his claim thereunder to an executor or administrator when the executor or administrator at the time of his appointment is already in possession of the note for collection").  The statutes at issue in *Gerhold*, however, are materially different from R.C. 2117.06 and, therefore, it lacks precedential value in the present circumstances.

{¶28} The second assignment of error is without merit.

{¶29} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, granting summary judgment in favor of Richard Cesta, is affirmed. Costs to be taxed against the appellant.

CYNTHIA WESTCOTT RICE, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents.

---

4. The *Wilson* court found the *Fortelka* decision "notably distinguishable."  *Id.* at ¶ 20.  The claimant in *Fortelka* complied with R.C. 2117.06 in that she "identified and served the executor of the estate * * * with the complaint."  *Id.* at ¶ 21.  In *Wilson*, as in the present case, the claimant failed to do so.  *Id.* at ¶ 22 ("delivery of the claim to a person not appointed by the probate court who gives it to the executor or administrator fails to present a claim against the estate").