[Cite as *Saber Healthcare v. Hudgins*, 2020-Ohio-5603.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

SABER HEALTHCARE d/b/a/ BATH
MANOR NURSING FACILITY

    Appellant

    v.

DAVID P. HUDGINS

    Appellee

C.A. No.     29698

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2019 ES 00284

DECISION AND JOURNAL ENTRY

Dated: December 9, 2020

HENSAL, Judge.

{¶1}    Saber Healthcare d/b/a Bath Manor Nursing Facility appeals from the judgment of the Summit County Probate Court. For the reasons that follow, this Court affirms.

I.

{¶2}    David Hudgins was the guardian of the person and estate of Opal Hudgins from December 1, 2016, until her death on March 16, 2018. The decedent died intestate while residing at Saber Healthcare's facility, Bath Manor Nursing Facility ("Bath Manor"). In early June 2018, over two months after the decedent's death, Saber Healthcare sent Mr. Hudgins a computer-generated bill reflecting the unpaid balance due to Saber Healthcare for the decedent's care and treatment while residing at Bath Manor. In March 2019, over one year after the decedent's death, Mr. Hudgins applied to be appointed administrator of the decedent's estate; he was appointed as such in April 2019.

**{¶3}** Because the June 2018 bill remained unpaid, Saber Healthcare filed a document captioned: "Confirmation of Waiver to Dispute Validity of Claim" with the probate court in August 2019. In it, Saber Healthcare asserted that it presented a claim for its unpaid invoice to the decedent's estate in June 2018 when it sent the computer-generated bill to Mr. Hudgins. It argued that, since Mr. Hudgins did not allow or reject the claim within 30 days of presentment pursuant to Revised Code Section 2117.06, Mr. Hudgins waived any objections to that claim. Mr. Hudgins moved to strike or dismiss Saber Healthcare's filing on the basis that Saber Healthcare did not present a claim to him as the duly appointed administrator of the decedent's estate within six months of the decedent's death as required under Section 2117.06. The probate court granted Mr. Hudgins's motion the following day, but then allowed Saber Healthcare time to respond to Mr. Hudgins's motion. After additional briefing was completed, the probate court again granted Mr. Hudgins's motion.

**{¶4}** In granting Mr. Hudgins's motion, the probate court relied upon Section 2117.06. Section 2117.06 governs the presentment of claims against an estate and requires creditors to submit claims to the executor or administrator of an estate within six months of the decedent's death. R.C. 2117.06(B). The probate court noted that, under the Ohio Supreme Court's precedent in *Wilson v. Lawrence*, 150 Ohio St.3d 368, 2017-Ohio-1410, this statute requires strict compliance. The probate court determined that, while Saber Healthcare did submit its bill to Mr. Hudgins in June 2018 (over two months after the decedent's death), it did not properly present its claim because Mr. Hudgins was not the administrator of the decedent's estate at that time. It noted that the fact that Mr. Hudgins was eventually appointed as the administrator of the decedent's estate in April 2019 (i.e., more than one year after the decedent's death) was irrelevant; the statute requires creditors to submit their claims to the executor or administrator of an estate within six

months of the decedent's death, not to a person who is eventually appointed as the executor or administrator. The probate court cited the Tenth District's decision in *In re Estate of Curry*, 10th Dist. Franklin No. 09AP-469, 2009-Ohio-6571, to support its position in this regard. In short, the probate court concluded that there was no estate at the time Saber Healthcare sent its bill to Mr. Hudgins, and that – by the time an estate was opened – the six-month period for presenting claims had expired, thus forever barring Saber Healthcare's claim. In reaching this conclusion, the probate court noted that it is incumbent upon the creditor to procure the appointment of an administrator when one has not been appointed.

{¶5} Saber Healthcare now appeals, raising five assignments of error for this Court's review. This Court will consider the first, second, third, and fifth assignments of error together.

II.

ASSIGNMENT OF ERROR I

THE PROBATE COURT ABUSED ITS DISCRETION AND ERRED BY FAILING TO FIND THAT SABER/BATH MANOR PROPERLY PRESENTED ITS CLAIM AGAINST THE ESTATE OF OPAL HUDGINS PURSUANT TO R.C. 2117.06(A)(1), AND THE OHIO 2ND DISTRICT COURT OF APPEALS' RULING IN CHILDREN'S MEDICAL CTR. V. WARD * * *.

ASSIGNMENT OF ERROR II

THE PROBATE COURT ABUSED ITS DISCRETION AND ERRED BY FAILING TO FIND THAT SABER/BATH MANOR PROPERLY PRESENTED ITS CLAIM AGAINST THE ESTATE OF OPAL HUDGINS, BECAUSE A CLAIM AGAINST A DECEDENT'S ESTATE NEED NOT BE IN ANY PARTICULAR FORM.

ASSIGNMENT OF ERROR III

THE PROBATE COURT ABUSED ITS DISCRETION AND ERRED WHEN IT FAILED TO FIND THAT SABER/BATH MANOR TIMELY PRESENTED ITS CLAIM OF THE DEBT OWED TO THE ESTATE OF OPAL HUDGINS.

ASSIGNMENT OF ERROR V

THE PROBATE COURT ABUSED ITS DISCRETION AND ERRED WHEN IT FAILED TO FIND THAT APPELLEE DAVID HUDGINS' ACTUAL KNOWLEDGE OF SABER/BATH MANOR'S CLAIM SATISFIED THE PRESENTMENT OF CLAIMS' PARTICULARITY AND EFFICIENCY REQUIREMENTS TO ENFORCE ITS CLAIM OF DEBT AGAINST THE ESTATE OF OPAL HUDGINS.

{¶6} In its first, second, third, and fifth assignments of error, Saber Healthcare argues that the probate court erred by failing to conclude that it properly presented its claim against the decedent's estate when it sent an invoice to Mr. Hudgins in June of 2018. Specifically, Saber Healthcare argues that: (1) its claim satisfied the presentment requirements set forth in Section 2117.06(A)(1) and analyzed in the Second District's decisions in *Children's Medical Center v. Ward*, 87 Ohio App.3d 504 (2d Dist.1993) and *Gladman v. Carns*, 9 Ohio App.2d 135 (2d Dist.1964); (2) the probate court's narrow interpretation of Section 2117.06 and its failure to follow *Ward* and *Carns* constituted an abuse of discretion; (3) the probate court's reliance on *In re Estate of Curry* was misplaced in light of the factual differences between the cases; (4) it properly presented its claim because, under Section 2117.06(B), "all claims shall be presented within six months after the death of the decedent, whether or not the estate is released from administration or an executor or administrator is appointed during that six-month period[,]" meaning that Mr. Hudgins was not required to be appointed as the administrator within that six-month period; (5) it had no obligation to open the estate itself, and that suggesting that it should have done so was unreasonable and borderline unconscionable since it is in the business of health and skilled nursing, not collections; and (6) Mr. Hudgins was materially aware of its claim at the time he was appointed administrator of decedent's estate, and that providing notice to the guardian and eventual administrator of the estate constituted notice to the administrator in his capacity as a

fiduciary of the estate. For the reasons that follow, this Court rejects Saber Healthcare's arguments.

{¶7} Section 2117.06 provides, in part, that creditors of an estate shall present their claims in writing to the executor or administrator of the estate within six months after the decedent's death. R.C. 2117.06(A)(1), R.C. 2117.06(C). Otherwise, a creditor's claim "shall be forever barred[.]" R.C. 2117.06(C). As the Ohio Supreme Court has stated, this statute requires strict compliance. *Wilson v. Lawrence*, 150 Ohio St.3d 368, 2017-Ohio-1410, ¶ 14. Despite Saber Healthcare's argument to the contrary, case law indicates that submitting a claim to a person within that six-month period who is not the executor or administrator of the estate at the time, but who is eventually appointed to be the executor or administrator after that six-month period expires, does not satisfy the presentment requirements under Section 2117.06. For example, in *In re Estate of Curry*, the administrator – like here – was not appointed until more than one year after the decedent's death. *In re Estate of Curry*, 2009-Ohio-6571, at ¶ 10. The creditor argued, however, that it properly presented its claim against the decedent's estate because it advised the eventual administrator of its claim within six months of the decedent's death. *Id.* at ¶ 12. The Tenth District rejected this argument, concluding that the statute and case law do not allow for the appointment of an administrator to relate back to when a creditor submits a claim to the person who eventually becomes the administrator. *Id.* at ¶ 12-15. Consistent with *In re Curry*, this Court rejects Saber Healthcare's argument that submitting its claim to Mr. Hudgins prior to his appointment as administrator satisfied Section 2117.06.

{¶8} Regarding Saber Healthcare's argument that the probate court abused its discretion by not following the Second District's precedent in *Children's Medical Center v. Ward*, 87 Ohio App.3d 504 (2d Dist.1993) and *Gladman v. Carns*, 9 Ohio App.2d 135 (2d Dist.1964), we find its

argument unpersuasive. In its merit brief, Saber Healthcare relies on those cases to support its position that the computer-generated bill met the content requirements for a claim. The content of the bill (i.e., whether it contained the necessary information), however, was not disputed in this case. In fact, the probate court noted that it "d[id] not doubt the bill[.]" Additionally, those cases do not support Saber Healthcare's contention that it timely submitted its claim.[1] Saber Healthcare's argument in that regard presupposes that Mr. Hudgins was – or should have been considered – the administrator of the estate at that time, which he was not. Saber Healthcare's reliance on *Ward* and *Carns*, therefore, is misplaced.

{¶9} Regarding Saber Healthcare's argument that it had no obligation to open the estate itself, its argument is not supported by Section 2113.06, nor the case law interpreting the statute. Section 2113.06(C) provides, in part, that a creditor of an estate may be granted administration of an estate if one is not timely opened. *See Wrinkle v. Trabert*, 174 Ohio St. 233, 237 (1963) ("Under Section 2113.06, Revised Code, plaintiff had the power to secure the appointment of an administrator within the statutory period of limitation."). As the Ohio Supreme Court has stated, "[w]here one has a claim against an estate, it is incumbent upon him, if no administrator has been appointed, to procure the appointment of an administrator against whom he can proceed." *Id.* at paragraph two of the syllabus. It further stated that "[i]f such a party fails through lack of diligence to procure such appointment within time to properly urge his claim, * * * the law should not come

---

[1] We note that, in both *Ward* and *Carns*, the administrator or executor had already been appointed at the time the creditors submitted their claims. *Carns* at 137 ("[T]he record discloses clearly that it was presented to the executrix within the statutory period of four months."); *Ward* at 510 ("The evidence here shows that [the creditor] sent the bills within three months after the decedent's death, the statutory time of R.C. 2117.06(B) prior to its amendment in 1990, and that the bills were writings and were received by the administrator.").

to his aid." *Id.* at 236. We, therefore, reject Saber Healthcare's argument that the probate court abused its discretion by suggesting that Saber Healthcare could have opened the estate itself.

{¶10} Lastly, to the extent that Saber Healthcare argues that actual knowledge of a claim satisfies the presentment requirements under Section 2117.06, actual knowledge by someone who is not the executor or administrator of the estate at the time the claim is submitted is not the standard. *See In re Estate of Curry*, 2009-Ohio-6571, ¶ 12-16 (rejecting the creditor's "actual knowledge" argument); *Shepherd of the Valley Lutheran Retirement Servs., Inc. v. Cesta*, 11th Dist. No. 2018-T-0033, 2019-Ohio-415, ¶ 21-28 (addressing, in part, the creditor's argument that the eventual administrator was aware of the disputed claim prior to his appointment as administrator). Section 2117.06 requires strict compliance, which was not adhered to in this case. *See Wilson*, 2017-Ohio-1410, at ¶ 14.

{¶11} In light of the foregoing, Saber Healthcare's first, second, third, and fifth assignments of error are overruled.

ASSIGNMENT OF ERROR IV

THE PROBATE COURT ABUSED ITS DISCRETION AND ERRED WHEN IT FAILED TO FIND THAT THE FAILURE OF APPELLEE DAVID HUDGINS TO EITHER ALLOW OR REJECT THE CLAIM WITHIN 30 DAYS, OR TO TAKE ANY OTHER ACTION WITH REFERENCE TO THE FORM OF THE CLAIM, CONSTITUTES A WAIVER OF ANY OBJECTION THERETO.

{¶12} In its fourth assignment of error, Saber Healthcare argues that the probate court erred by failing to find that Mr. Hudgins waived any objections to its claim by not allowing or rejecting the claim within 30 days of presentment as required under Section 2117.06. In response, Mr. Hudgins argues that – even if Saber Healthcare had properly presented its claim – no such waiver exists under the statute. This Court agrees.

{¶13} Section 2117.06(D) provides that:

In the absence of any prior demand for allowance, the executor or administrator shall allow or reject all claims, except tax assessment claims, within thirty days after their presentation, **provided that failure of the executor or administrator to allow or reject within that time shall not prevent the executor or administrator from doing so after that time** and shall not prejudice the rights of any claimant. Upon the allowance of a claim, the executor or the administrator, on demand of the creditor, shall furnish the creditor with a written statement or memorandum of the fact and date of the allowance.

(Emphasis added.)

{¶14}   Thus, even assuming that Saber Healthcare had properly presented its claim in June of 2018, which it did not, Section 2117.06 does not indicate that an administrator's failure to respond to the claim serves as a permanent waiver of that claim.  Instead, it provides the opposite, stating that the "failure of the executor or administrator to allow or reject within that time shall not prevent the executor or administrator from doing so after that time[.]"  R.C. 2117.06(D); *see Ward*, 87 Ohio App.3d at 507 ("A non-response by an administrator cannot be considered a rejection under R.C. 2117.06(D) because a non-response does not prevent an executor from later either rejecting or allowing the claim.").  Saber Healthcare's merit brief provides no authority to the contrary.  *See* App.R. 16(A)(7) (requiring an appellant's brief to provide "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.").  Saber Healthcare's fourth assignment of error is overruled.

III.

{¶15}   Saber Healthcare d/b/a Bath Manor Nursing Facility's assignments of error are overruled.  The judgment of the Summit County Probate Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

AMY C. BAUGHMAN, Attorney at Law, for Appellant.

RALPH C. MEGARGEL, Attorney at Law, for Appellee.