[Cite as *Montgomery at Carecore, L.L.C. v. Abbott*, 2021-Ohio-4276.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MONTGOMERY AT CARECORE, LLC, d.b.a. CARECORE AT MONTGOMERY, | : | APPEAL NO. C-210252 TRIAL NO. A-2001740 |
| | : | |
| Plaintiff -Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| RITA ABBOTT, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: December 8, 2021

*Rolf Goffman Martin Lang LLP*, *David S. Brown* and *W. Cory Phillips,* for Plaintiff-Appellant,

*Arnold Law Firm, LLC*, *James S. Arnold* and *Brittany Born*, for Defendant-Appellee.

**Bock, Judge.**

{¶1} Plaintiff-appellant Montgomery Carecore, LLC, d.b.a. Carecore at Montgomery ("Carecore") appeals the trial court's entry of summary judgment in favor of defendant-appellee Rita Abbott. We affirm the trial court's judgment.

## I. Facts and Procedure

### A. The Agreement

{¶2} Carecore is a long-term care facility that contracted with Lloyd Harrison to provide healthcare services, supplies, and room and board for Harrison.[1] Defendant-appellee Rita Abbott, Harrison's stepdaughter, was identified in the admission agreement ("Agreement") as Harrison's "sponsor," which was defined in paragraph three as "an adult, friend, or guardian of the Resident who has interest or responsibility in the Resident's welfare." Paragraph three of the Agreement further states:

> **The Sponsor may acknowledge this Agreement without incurring personal financial liability.**
>
> **In the event the Sponsor has legal access to the Resident's income or resources, the Sponsor shall pay for the services provided by the Facility from said income or resources.**

### B. The Complaint

{¶3} Carecore sued Abbott, asserting breach of contract and promissory estoppel. It sought $16,800 in damages. Carecore alleged that Abbott had provided a copy of attorney-in-fact documentation showing that she had access to Harrison's

---

[1] Harrison died in October 2019; his estate is not a party to the lawsuit.

PNC Bank account and had promised to pay Harrison's fees from that account, but failed to pay as promised. Carecore's promissory-estoppel claim alleged that Abbott represented that Harrison maintained sufficient financial assets to cover Carecore's charges, that she maintained access to and control of those assets, and that Carecore justifiably relied on Abbott's promise to pay Harrison's charges from Harrison's resources to its detriment.

### C.  Summary Judgment

{¶4}   Abbott's summary-judgment motion argued that she was not personally obligated under the Agreement and that Carecore could not establish any elements of promissory estoppel.

{¶5}   The trial court granted judgment in Abbott's favor, finding that (1) Abbott was not named as a party to the Agreement, (2) Carecore "admitted that the contract is an agreement to pay and be liable between Carecore and the deceased, not the Defendant," and (3) Carecore did not allege in its complaint that Harrison's assets were taken or squandered by Abbott.  The trial court stated that Carecore could have sued Abbott for specific performance, but it sued her personally for money damages instead.

{¶6}   Carecore now appeals.

## II.   Law and Analysis

{¶7}   We review a ruling on a summary-judgment motion de novo. *Anderson v. WBNS-TV, Inc.*, 158 Ohio St.3d 307, 2019-Ohio-5196, 141 N.E.3d 192, ¶ 77. Summary judgment is appropriate where the moving party shows that (1) there is no genuine issue of material fact left to be litigated, (2) it is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come

to but one conclusion and that conclusion is adverse to the nonmoving party. *Id.* Courts view the evidence in a light most favorable to the nonmoving party. *Wilson v. Lawrence*, 150 Ohio St.3d 368, 2017-Ohio-1410, 81 N.E.3d 1242, ¶ 33.

## A. Breach of Contract

{¶8} Carecore's first assignment of error asserts that the trial court erred by granting summary judgment on Carecore's breach-of-contract claim. Carecore had the burden of proving (1) an existing valid contract between the parties, (2) that Abbott failed to perform, and (3) damages. *See Gilman v. Physna, LLC*, 1st Dist. Hamilton No. C-200457, 2021-Ohio-3575, ¶ 17.

{¶9} The interpretation of a written contract is a question of law that we review de novo. *Hyde Park Circle, L.L.C. v. Cincinnati*, 2016-Ohio-3130, 66 N.E.3d 99, ¶ 15 (1st Dist.). Contracts that are clear and unambiguous will be enforced according to their terms. *Retirement Corp. of Am. v. Henning*, 1st Dist. Hamilton No. C-180643, 2019-Ohio-4589, ¶ 18.

{¶10} "A court must construe a contract against its drafter, but when the terms are unambiguous and clear on their face, the court need not look beyond the plain language of the contract to determine the rights and obligations of the parties." *World Harvest Church v. Grange Mut. Cas. Co.*, 148 Ohio St.3d 11, 2016-Ohio-2913, 68 N.E.3d 738, ¶ 36, quoting *Beasley v. Monoko, Inc.*, 195 Ohio App.3d 93, 2011-Ohio-3995, 958 N.E.2d 1003, ¶ 30 (10th Dist.).

{¶11} The parties agree that under state and federal law, a nursing facility may not require a third party to pay a resident's charges out of his or her own funds. But they disagree on whether Abbott is liable for breaching her duties under the Agreement.

1. Cases Containing Similar Clauses

a. *In Re Plybon*

{¶12} Carecore cites *Woodland Oaks Manor, LLC v. Plybon (In re Plybon),* Bankr.E.D.Ky. Nos. 11-10146 and 11-1089, 2012 WL 827349 (Mar. 9, 2012). The admissions agreement in *Plybon* stated:

> The Responsible Party's financial responsibilities are limited to the amount of the funds received or held by the Responsible Party or Agent on behalf of the Resident. The Responsible Party does not assume responsibility for payment of the cost of the Resident's care out of the Responsible Party's personal funds, unless otherwise indicated and acknowledged in this agreement. To the extent legally permitted, the Responsible Party is contractually bound by the terms of this Agreement and may become liable for failure to perform duties under this Agreement.

*Id.* at *1. Because the admissions agreement explicitly stated that the "responsible party" could be liable for her own breach of contract, the court found that the defendant was contractually liable for her husband's expenses that were not covered by Medicaid. *Id.*

b. *Classic Healthcare Systems, LLC v. Miracle*

{¶13} A nursing facility sued decedent, Faun Miracle, and Faun's son, David Miracle, who had arranged for Faun to stay at the nursing facility for rehabilitation. *Classic Healthcare Systems, LLC v. Miracle*, 12th Dist. Warren No. CA2017-03-029, 2017-Ohio-8540, ¶ 2. David did not sign the admission agreement, but signed the nursing facility's "billing policy" as the "Responsible party." *Id.* at ¶ 2, 8.

**{¶14}** Paragraph six of the "billing policy" stated:

**LIABILITY OF RESPONSIBLE PARTY FOR RESIDENT'S CHARGES.** A RESPONSIBLE PARTY DOES NOT ASSUME PERSONAL FINANCIAL RESPONSIBILITY OR LIABILITY FOR THE RESIDENT'S CHARGES, HOWEVER, THE RESPONSIBLE PARTY MUST UTILIZE THE RESIDENT'S ASSETS OVER WHICH THEY HAVE HAS [sic] CONTROL TO PAY FOR SERVICES RENDERED.

*Id.* at ¶ 7. Upon Faun's discharge, she owed $100,000 to the facility. *Id.* at ¶ 5. The trial court found that David had breached his agreement with the facility by using Faun's resources for other purposes instead of paying for her care and awarded the facility $12,371.54. The court of appeals found that because David did not appeal the trial court's finding that he had breached his agreement and had incurred personal liability to the nursing facility, David was personally liable for his breach. *Id.*

2. The Agreement Provides No Liability for Abbott

**{¶15}** The Agreement imposed duties on Abbott, but permitted her to sign it "without incurring personal financial liability." Thus, the question for this court is whether "personal financial liability" imposes liability on Abbott for her breach of the Agreement.

**{¶16}** We find that the Agreement explicitly relieves Abbott of any liability.

**{¶17}** Unlike the admissions agreement in *Plybon,* the Agreement did not state that Abbott could become liable for her failure to perform. Instead, it explicitly stated that Abbott could acknowledge the Agreement "without incurring personal financial liability."

{¶18} And in *Miracle*, the contract stated that the sponsor did not assume personal liability "for the resident's charges." Miracle did not appeal the trial court's judgment holding him liable; thus, the court of appeals did not decide that issue. Moreover, *Miracle*'s nonliability clause specified that the responsible party was not personally liable "for the resident's charges." But here, the nonliability clause is broader: "The Sponsor may acknowledge this Agreement without incurring personal financial liability." Carecore drafted the Agreement and purposely included a broad nonliability clause. It is bound by its terms.

{¶19} Finally, even if "without incurring personal financial liability" were somehow ambiguous, the Agreement must be construed against Carecore, the Agreement's drafter. *Piening v. Ent. Rent-A-Car of Cincinnati, Inc.,* 1st Dist. Hamilton No. C-060335, 2007-Ohio-4709, ¶ 19.

{¶20} Because the Agreement did not impose personal financial liability on Abbott, we overrule Carecore's first assignment of error.

## B. The Trial Court did not Err by Suggesting an Alternative Claim

{¶21} Carecore's second assignment of error argues that the trial court's statement that Carecore could have sued Abbott for specific performance was error. Carecore contends that the suggestion was inappropriate, that it contradicts the court's findings that Abbott was not a party to the contract and that she did not agree to liability under the contract. Carecore argues that the trial court erred in granting summary judgment based on an issue that was not raised by Abbott.

{¶22} But the trial court did not grant judgment on an issue not raised by Abbott. It granted judgment because it found that Abbott was not liable under the Agreement. Carecore's second assignment of error is overruled.

7

### C. Carecore's Promissory-Estoppel Claim

{**¶23**} Carecore argues that the trial court erred by failing to address its promissory-estoppel claim. "The doctrine of promissory estoppel comes into play where the requisites of contract are not met, yet the promise should be enforced to avoid injustice." *Olympic Holding Co., L.L.C. v. ACE Ltd.*, 122 Ohio St.3d 89, 2009-Ohio-2057, 909 N.E.2d 93, ¶ 39, quoting *Doe v. Univision Television Group, Inc.*, 717 So.2d 63, 65 (Fla.App.1998). Promissory estoppel provides a remedy for a "breach of an oral promise, absent a signed agreement." *Id.* at ¶ 40.

{**¶24**} The complaint did not allege that Abbott breached any oral promise. Instead, it relied on the written Agreement. Even if the trial court should have addressed the issue, Carecore cannot recover based on promissory estoppel. Carecore's third assignment of error is overruled.

### III. Conclusion

{**¶25**} Carecore's three assignments of error are overruled and the trial court's entry of summary judgment in Abbott's favor is affirmed.

Judgment affirmed.

**ZAYAS, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion