[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Ashcraft*, Slip Opinion No. 2022-Ohio-4611.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-4611

THE STATE OF OHIO, APPELLEE, *v.* ASHCRAFT, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Ashcraft*, Slip Opinion No. 2022-Ohio-4611.]**

*R.C. 2950.99(A)(2)(b)—A three-year prison term imposed under R.C. 2950.99(A)(2)(b) is to be imposed in addition to any prison term imposed under any other provision of law.*

(No. 2021-1491—Submitted July 13, 2022—Decided December 23, 2022.)

APPEAL from the Court of Appeals for Knox County,

No. 21CA000002, 2021-Ohio-3842.

_____

FISCHER, J.

{¶ 1} In this discretionary appeal from the Fifth District Court of Appeals, this court is asked to determine whether a defendant may be subject to a sentence imposed under R.C. 2950.99(A)(2)(b) in addition to a sentence imposed under R.C. 2929.14(A)(3)(b).  We conclude that he may.  We hold that a three-year prison term

imposed under R.C. 2950.99(A)(2)(b) is to be imposed "[i]n addition to" any prison term imposed under "any other provision of law."

**Facts**

{¶ 2} In 2013, appellant, Michael Ashcraft, was convicted of unlawful sexual conduct with a minor, a third-degree felony. Ashcraft's conviction required him to register as a sex offender and comply with the requirements in R.C. Chapter 2950. In 2018, Ashcraft was convicted of failing to provide a change-of-address notification for his sex-offender registration in violation of R.C. 2950.05(F)(1).

{¶ 3} In 2020, Ashcraft was charged with another violation of R.C. 2950.05(F)(1) for failing to provide a change-of-address notification, the offense for which he received the sentence that is on appeal in this case. At Ashcraft's plea hearing, the court informed him that he was facing a prison term of no less than three years under R.C. 2950.99 in addition to any sanction or penalty imposed for the offense. The court also informed Ashcraft that as a third-degree felony, the offense carried a definite prison term of 6, 9, 12, 18, 24, 30, or 36 months. Ashcraft pleaded guilty, and the court sentenced him to serve three years and nine months in prison.

{¶ 4} Ashcraft appealed, arguing that the nine-month term of imprisonment imposed in addition to the three-year term was contrary to law because it was not authorized by Ohio's sentencing statutes. Ashcraft argued that R.C. 2929.14(A)(3)(b) limits his possible sentence for a third-degree felony to a maximum of 36 months.

{¶ 5} Finding that Ashcraft had failed to object to his sentence in the trial court, the court of appeals reviewed Ashcraft's sentence for plain error. Reviewing the statutes at issue, the court held that R.C. 2950.99(A)(2)(b) required the three-year sentence for the repeat offense to be imposed in addition to any other prison sentence. Accordingly, the court held that the trial court had been permitted to impose both the nine-month term of imprisonment pursuant to R.C.

2929.14(A)(3)(b) and the additional three-year term of imprisonment pursuant to R.C. 2950.99(A)(2)(b) for Ashcraft's second violation of R.C. 2950.05(F)(1). Therefore, the court affirmed Ashcraft's sentence.

**{¶ 6}** This court accepted jurisdiction over Ashcraft's appeal to determine whether his sentence is contrary to law. *See* 166 Ohio St.3d 1405, 2022-Ohio-461, 181 N.E.3d 1194.

### Standard of Review

**{¶ 7}** Statutory interpretation is a matter of law, and thus we review this matter de novo. *State v. Straley*, 139 Ohio St.3d 339, 2014-Ohio-2139, 11 N.E.3d 1175, ¶ 9. When interpreting a statute, we must first look at the language of the statute itself. *Id.* If the language is clear and unambiguous, as it is in this case, we must apply it as written. *Id.*; *Wilson v. Lawrence*, 150 Ohio St.3d 368, 2017-Ohio-1410, 81 N.E.3d 1242, ¶ 11.

### The Statutes

*R.C. 2950.99(A)(2)(b)–the repeat-violation provision*

**{¶ 8}** Ashcraft violated R.C. 2950.05 twice. The degree of felony and the penalty for a repeat violation of that statute are found in R.C. 2950.99. For the penalty, R.C. 2950.99(A)(2)(b) ("the repeat-violation provision") states, "[T]he court * * * shall impose a definite prison term of no less than three years" "[i]n addition to any penalty or sanction imposed under division (A)(1)(b)(i), (ii), or (iii) of this section or any other provision of law."

**{¶ 9}** Relevant here, division (A)(1)(b)(ii) states that a repeat violation will be a felony of the same degree as the original offense that required the defendant to register as a sex offender if the original offense was a felony of the first, second, or third degree. R.C. 2950.99(A)(1)(b)(ii). In this case, the offense that required Ashcraft to register as a sex offender was a felony of the third degree. Therefore, Ashcraft's second violation of R.C. 2950.05, the offense for which he received the sentence that is on appeal in this case, is also a felony of the third degree.

*R.C. 2929.14—the base penalty statute*

**{¶ 10}** R.C. 2929.14 ("the base penalty statute") contains the penalties to be imposed for each degree of felony. R.C. 2929.14(A)(3) deals with third-degree felonies. Ashcraft's second violation falls under the catchall provision, R.C. 2929.14(A)(3)(b), which states, "[T]he prison term shall be a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months."

**Analysis**

**{¶ 11}** In this case, the trial court imposed a nine-month prison term under the base penalty statute for the third-degree felony and a three-year prison term under the repeat-violation provision. The repeat-violation provision requires the three-year prison term to be imposed "[i]n addition to any penalty or sanction imposed under * * * any other provision of law." R.C. 2950.99(A)(2)(b). The statutory language is sweeping and broad, but it is clear. We must assume that the statute means what it says—that the penalty is in addition to *any* penalty or sanction imposed under *any* other provision of law. That clearly includes the base penalty statute.

**{¶ 12}** However, the repeat-violation provision also singles out divisions (A)(1)(b)(i), (ii), and (iii) of R.C. 2950.99. It states that the three-year prison term is to be imposed "[i]n addition to any penalty or sanction imposed under division (A)(1)(b)(i), (ii), or (iii)." R.C. 2950.99(A)(2)(b). Those divisions do not impose penalties or sanctions independently, but they do determine the degree of the felony for the repeat violation. Therefore, in the repeat-violation provision, "penalty or sanction imposed under division (A)(1)(b)(i), (ii), or (iii)" means any penalty or sanction imposed on the defendant for the degree of felony determined under those divisions. And courts impose sanctions based on the degree of felony under the base penalty statute. Therefore, even if the repeat-violation provision had not used the sweeping phrase "any other provision of law," the remaining language in the

statute would still impose a three-year sentence in addition to any sentence imposed under the base penalty statute.

{¶ 13} The second dissenting opinion says that the three-year penalty is to be imposed "*in addition to* whatever penalties or sanctions are imposed under the law" and that the court must impose a prison sanction "and" a three-year term of imprisonment. (Emphasis added.) Dissenting opinion of Stewart, J., ¶ 43. But then it concludes that the three-year prison term "is not an additional prison term," *id.*, because the phrase "any penalty or sanction imposed under division (A)(1)(b)(i), (ii), or (iii)" in R.C. 2950.99(A)(2)(b) could mean the penalties and sanctions imposed in the statutes by the legislature. But regardless of whether "penalty or sanction imposed" means penalties and sanctions imposed by the legislature or the trial court, the meaning of "[i]n addition to" does not change. The second dissenting opinion reads that phrase completely out of the statute to reach its baseless but desired interpretation.

{¶ 14} Furthermore, the statutory structure for first-time offenders provides guidance on how the statute should be read for repeat offenders and, again, requires courts to impose prison sentences under the base penalty statute. For first-time offenders, the court must apply R.C. 2950.99(A)(1)(a), which states that the defendant "shall be punished as follows" and then lays out how to determine the degree of felony for the offense. But that division does not list sanctions or prison time. To determine the appropriate amount of prison time, the court must turn to the base penalty statute and sentence the defendant according to the degree of felony.

{¶ 15} The punishment for repeat offenders is laid out in the exact same way. The court must refer to R.C. 2950.99(A)(1)(b), which states that the defendant "shall be punished as follows" and then lays out how to determine the degree of felony for the offense. Again, the court must turn to the base penalty statute to determine the appropriate amount of prison time. Nowhere does the statute say that

for repeat offenders, the court need not turn to the base penalty statute. Rather, the divisions pertaining to repeat violations follow the same exact structure as the divisions pertaining to first-time violations. The court must sentence the defendant under the base penalty statute according to the degree of felony as determined by R.C. 2950.99 (A)(1)(b)(i), (ii), or (iii). Once the court has sentenced the defendant under the base penalty statute, the court must sentence the defendant to a three-year prison term "[i]n addition to [the] penalty or sanction imposed under division (A)(1)(b)(i), (ii), or (iii)." R.C. 2950.99(A)(2)(b).

{¶ 16} Ashcraft argues that the General Assembly did not intend the three-year prison sentence in the repeat-violation provision to apply in addition to a prison sentence imposed under the base penalty statute. First, Ashcraft argues that the General Assembly would have included fourth-degree felonies in the scope of the repeat-violation provision if it had intended the three-year mandatory prison term to apply in addition to prison terms imposed under the base penalty statute. He asserts that the mandatory three-year prison term in the repeat-violation provision does not apply to fourth-degree felonies, because the provision states that the prison term is in addition to "any penalty or sanction imposed under division (A)(1)(b)(i), (ii), or (iii) of [R.C. 2950.99] or any other provision of law" and fourth-degree felonies are contained in division (A)(1)(b)(iv) of R.C. 2950.99.

{¶ 17} There are multiple problems with his argument. The first problem is that clear statutory language refutes Ashcraft's argument. The repeat-violation provision clearly states that the three-year term must be imposed "[i]n addition to" any penalty or sanction imposed under any other provision of law.

{¶ 18} The second problem with Ashcraft's argument is that it is far from clear that the repeat-violation provision does not apply to fourth-degree felonies. While the provision does omit division (A)(1)(b)(iv) from its list of specified divisions, it concludes the list with the phrase "any other provision of law." R.C. 2950.99(A)(2)(b). The three-year penalty is to be applied in addition to "any

penalty or sanction imposed under * * * any other provision of law" when the defendant commits two or more violations of R.C. 2950.04, 2950.041, 2950.05, or 2950.06. R.C. 2950.99(A)(2)(b). The statute makes no express distinction based on the degree of felony.

{¶ 19} The final problem with Ashcraft's argument is that even if the statutory language were ambiguous, and even if it were clear that the provision did not apply to fourth-degree felonies, the omission would not demonstrate the intent that Ashcraft argues it does. Ashcraft argues that the General Assembly would have included fourth-degree felonies if it had intended the three-year mandatory prison term to apply in addition to other prison terms imposed. But a felony of the fourth degree is the least serious felony conviction that a defendant may receive for a repeat violation of the R.C. Chapter 2950 registration provisions, and it is assigned when the original offense that required the defendant to register as a sex offender is a misdemeanor. *See* R.C. 2950.99(A)(1)(b)(i) through (iv). The General Assembly could have determined that it did not want courts to impose an additional three-year prison term for a repeat violation of the registration provisions when the underlying crime was a misdemeanor.

{¶ 20} Next, Ashcraft argues that the terms "penalty" and "sanction" can mean fines, court costs, and postrelease control and that their meanings are not limited to prison time. While this is true, the terms also include prison time. While neither "sanction" nor "penalty" is defined in R.C. Chapter 2950, the chapter that contains the repeat-violation provision, "sanction" is defined in R.C. Chapter 2929, the chapter that contains the base penalty statute. "Sanction" is defined as "any penalty imposed upon an offender who is convicted of or pleads guilty to an offense, as punishment for the offense." R.C. 2929.01(DD). Furthermore, "sanction" expressly includes "any sanction imposed pursuant to any provision of sections 2929.14 to 2929.18 or 2929.24 to 2929.28 of the Revised Code." Ashcraft's nine-month prison term is a sanction because it is a punishment imposed

on him for the offense, and it is also expressly included within the definition of "sanction" because it was imposed pursuant to R.C. 2929.14.

{¶ 21} Ashcraft argues that if the General Assembly had intended the three-year prison term in R.C. 2950.99(A)(2)(b) to be imposed in addition to any other prison term, it would have said "in addition to any prison term" instead of "[i]n addition to any penalty or sanction." But as described above, the phrase "penalty or sanction" includes prison terms. The General Assembly chose broad language, and we must assume that the General Assembly meant to include everything encompassed by that language. If the General Assembly had wanted to exclude prison terms, it could have done so by simply stating "except prison terms." But it did not. For us to exclude prison terms from the phrase "any penalty or sanction" would be to alter the language of the statute, which we are not permitted to do.

{¶ 22} The second dissenting opinion argues that the repeat-violation provision cannot impose a three-year prison term "in addition to" another sentence, because such a provision would violate the Fifth Amendment to the United States Constitution and be void for vagueness. But we cannot rewrite the statute to avoid constitutional issues. We must interpret the statute as it is written. Reading the statute in the way the dissenting opinions propose would require us to bend over backwards to completely ignore words that the General Assembly chose to include in the statute. Furthermore, none of the parties in this case have challenged the constitutionality of the statute, so that analysis remains for another day.

{¶ 23} Therefore, under the unambiguous language of R.C. 2950.99(A)(2)(b), a trial court must impose a three-year prison sentence "[i]n addition to" the sanction it imposes under R.C. 2929.14.

## Conclusion

{¶ 24} The statutory language at issue is clear and unambiguous. The three-year prison term in the repeat-violation provision is to be imposed "[i]n addition to" any sanction imposed "under division (A)(1)(b)(i), (ii), or (iii)" of R.C. 2950.99

or "any other provision of law." R.C. 2950.99(A)(2)(b). Both phrases include the base penalty statute.

Judgment affirmed.

KENNEDY and DEWINE, JJ., concur.

O'CONNOR, C.J., concurs, with an opinion joined by BRUNNER, J.

DONNELLY, J., dissents, with an opinion.

STEWART, J., dissents, with an opinion.

_____

**O'CONNOR, C.J., concurring.**

**{¶ 25}** I agree with the majority opinion that under the plain language of the statute, a sentence may be imposed under the repeat-violation provision, R.C. 2950.99(A)(2)(b), in addition to a sentence imposed under R.C. 2929.14(A)(3)(b), the general sentencing statute. I write separately, however, to urge the legislature to amend the language because I am not convinced that the General Assembly intended R.C. 2950.99(A)(2)(b) to operate that way.

**{¶ 26}** The repeat-violation provision is quite convoluted. Alluding to as much, the majority avoids quoting much of the language in R.C. 2950.99, instead meticulously parsing out the repeat-violation provision in its statutory-interpretation analysis to try and create a simpler picture of how the general sentencing statute and the repeat-violation provision interact. But the repeat-violation provision has led to confusion and inconsistent results among the lower courts. *See, e.g.*, *State v. Harris*, 2020-Ohio-154, 141 N.E.3d 996, ¶ 14 (12th Dist.) (concluding that R.C. 2950.99(A)(2)(b) is the "more specific statute" and therefore "controls over the general sentencing provision set forth in R.C. 2929.14(A)(3)(b)"); *State v. Prisby*, 11th Dist. Portage No. 2017-P-0012, 2017-Ohio-9340, ¶ 24 ("R.C. 2950.99(A)(2)(b) does not say anything about the trial court having the authority to impose an additional prison term under R.C. 2929.14").

**{¶ 27}** For starters, the repeat-violation provision commences with the following phrase: "In addition to any penalty or sanction imposed under division (A)(1)(b)(i), (ii), or (iii) of [R.C. 2950.99] or any other provision of law for a violation of a prohibition in section 2950.04, 2950.41, 2950.05, or 2950.06 of the Revised Code." R.C. 2950.99(A)(2)(b). But, as the majority opinion acknowledges, divisions (A)(1)(b)(i), (ii), and (iii) of R.C. 2950.99 assign the *degree* of the felony for the repeat-violation offense; the divisions do not impose any penalties or sanctions. Majority opinion, ¶ 12. Nor do those divisions direct the reader to any other statute that imposes a penalty or sanction. For instance, relevant here, R.C. 2950.99(A)(1)(b)(ii) states:

> If the most serious sexually oriented offense or child-victim oriented offense that was the basis of the * * * change of address notification * * * requirement that was violated under the prohibition is a felony of the first, second, or third degree * * *, the offender is guilty of a felony of *the same degree* as the most serious sexually oriented offense or child-victim oriented offense that was the basis of the * * * change of address * * * requirement that was violated under the prohibition * * *.

(Emphasis added.) Because R.C. 2950.99(A)(1)(b)(i), (ii), and (iii) do not mention any penalty or sanction for a repeat-violation offense nor refer to any other statute in which this information might be provided, the reader must *assume* that R.C. 2929.14, the statute setting forth the basic prison-term ranges for the five degrees of felony offenses, governs.

**{¶ 28}** After stating, "In addition to any penalty or sanction imposed under division (A)(1)(b)(i), (ii), or (iii) of this section or any other provision of law," the repeat-violation provision continues, "the court imposing a sentence upon the

10

offender shall impose a definite prison term of *no less* than three years." (Emphasis added.) R.C. 2950.99(A)(2)(b). The repeat-violation provision does not set forth a range of mandatory prison terms, nor does it require that the trial court impose a definite three-year prison term. It requires only that an offender who repeats one of the listed violations (here, the requirement to notify of any change of address) receive a definite prison term of *at least* three years.

{¶ 29} Moreover, while the trial court in this case sentenced appellant, Michael Ashcraft, to only three years of imprisonment in relation to the repeat-violation offense, the repeat-violation provision seems to suggest that the court could have chosen any number of years for his prison term, as long as it was *at least* three years. I find this grant of discretion unusually expansive and suggestive that the provision's plain language could lead to unintended consequences.

{¶ 30} Indeed, these shortcomings of the repeat-violation provision have led to a strange result in this case. Rather than a single sanction for his second violation of his requirement to notify of a change of address, Ashcraft received a three-year prison term imposed under the repeat-violation provision in addition to a nine-month prison term imposed under the general sentencing statute, R.C. 2929.14(A)(3)(b). I am not entirely convinced that the General Assembly intended to require courts to impose a dual sentence on offenders like Ashcraft when it enacted R.C. 2950.99(A)(2)(b). But it is not this court's role to add words to or subtract words from a statute. *See, e.g.*, *Bailey v. Republic Engineered Steels, Inc.*, 91 Ohio St.3d 38, 39-40, 741 N.E.2d 121 (2001). Moreover, the well-written second dissenting opinion puts forth a plausible reading of the statute that further demonstrates the need for clarification. Given the confusion and peculiar results that the repeat-violation provision has produced, as demonstrated in this case, I urge the legislature to exercise its duty and consider rewriting R.C. 2950.99(A)(2)(b) to clarify its intent.

BRUNNER, J., concurs in the foregoing opinion.

**DONNELLY, J., dissenting.**

{¶ 31} I respectfully dissent. I would reverse the court of appeals' judgment and reduce the prison sentence of appellant, Michael Ashcraft, because the trial court twice imposed a third-degree felony prison term for a single offense: once with the enhanced minimum term of three years as required by R.C. 2950.99(A)(2)(b), and once without the enhanced minimum. Although R.C. 2950.99(A)(2)(b) permits penalties from *other* sources "[i]n addition to" the felony prison terms set out in R.C. 2929.14(A), it does not permit two felony prison terms for the price of one.

{¶ 32} My reasons for dissenting here are largely similar to the reasons I expressed in my dissent in *State v. Pribble*, 158 Ohio St.3d 490, 2019-Ohio-4808, 145 N.E.3d 259. Like *Pribble*, this case involves a statute that applies to criminal sentencing for repeat offenders. The statute at issue in *Pribble*—R.C. 2925.041(C)(1)—applies to repeated methamphetamine-related offenses and other drug offenses, and it requires a prison term of "not less than five years" for certain third-strike offenders' third-degree felony violations. The statute at issue in this case applies to repeated violations of sex-offender registration statutes and requires a "definite prison term of no less than three years," R.C. 2950.99(A)(2)(b), for the first-, second-, or third-degree felony violations listed in R.C. 2950.99(A)(1)(b)(i) to (iii).

{¶ 33} The trouble with *Pribble* is that a plurality of this court treated R.C. 2925.041(C)(1) as a stand-alone sentencing provision instead of what it actually is: an enhanced minimum to the prison-sentence range provided in R.C. 2929.14(A)(3)(b). *Pribble* at ¶ 49-51 (Donnelly, J., dissenting). The plurality did so to reconcile the conflict between the five-year minimum sentence in the third-strike enhancement statute and the three-year maximum sentence provided in the felony-sentencing statute. I continue to believe that in achieving its desired result,

the plurality decision erroneously "contort[ed] the nature of the conflict, the text of the statutes themselves, and the role of strict construction in the process." *Id*. at ¶ 37 (Donnelly, J., dissenting).

{¶ 34} Even more trouble abounds in today's decision. A majority of this court is treating R.C. 2950.99(A)(2)(b) as a stand-alone sentencing provision instead of what it actually is: an enhanced minimum to the prison-sentence ranges for first-, second-, and third-degree felonies provided in R.C. 2929.14(A)(1) to (3). No irreconcilable conflict precipitated the majority's journey outside the plain meaning of the applicable statutes. And worse than violating the rule of lenity by construing statutory language in favor of a harsher penalty, as a plurality of the court did in *Pribble*, the decision today allows multiple punishments for the same offense in violation of the Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

{¶ 35} The way that R.C. 2929.14 and 2950.99 apply in this case is far simpler than the majority's analysis lets on. R.C. 2950.99(A)(1)(b) states that repeat violations of sex-offender registration, notification, or verification requirements "shall be punished as" (1) a first-degree felony, if the underlying sex offense involved aggravated murder or murder, (2) a first-, second-, or third-degree felony, depending on the corresponding felony level of the underlying sex offense, or (3) a third-degree felony, if the underlying sex offense was a fourth- or fifth-degree felony. R.C. 2950.99(A)(1)(b)(i) to (iii). Generally, the prison term authorized as punishment for felony offenses ranges from three to 11 years for a first-degree felony, from two to eight years for a second-degree felony, and, as applicable here, from nine to 36 months for a third-degree felony.[1] R.C.

---

1. In the bifurcated statute governing third-degree felony sentencing, a separate sentencing range of 12 to 60 months applies to certain enumerated offenses. R.C. 2929.14(A)(3)(a). The offenses referred to in R.C. 2950.99 relating to sex-offender registration, notification, or verification requirements under R.C. 2950.04, 2950.041, 2950.05, and 2950.06 are not among the offenses enumerated in R.C. 2929.14(A)(3)(a).

2929.14(A)(1) to (3). And generally, there is no presumption in favor of a prison term for a third-degree felony and a rebuttable presumption in favor of a prison term for first- and second-degree felonies. R.C. 2929.13(C) and (D).

{¶ 36} However, R.C. 2950.99(A)(2)(b) requires "a definite prison term of no less than three years," which means that R.C. 2929.13(C) and (D) do not apply and that crimes of any of the above felony levels would result in a mandatory minimum prison term of three years. *See State v. Howard*, 134 Ohio St.3d 467, 2012-Ohio-5738, 983 N.E.2d 341, ¶ 4-5 (explaining that after the General Assembly enacted Am.Sub.S.B. No. 10 and Am.Sub.S.B. No. 97 on January 1, 2008, a violation of the sex-offender registration requirement in R.C. 2950.05 carried a "mandatory minimum prison term of three years"). Thus, when a court applies the enhanced-minimum-sentence requirement in R.C. 2950.99(A)(2)(b), the applicable sentencing ranges are three to 11 years for a first-degree felony, three to eight years for a second-degree felony, and three years—no more, no less—for a third-degree felony.

{¶ 37} The majority's claim that the "clear and unambiguous" language of R.C. 2950.99(A)(2)(b) provides a stand-alone prison term that is independent from and additional to the prison terms in R.C. 2929.14, majority opinion, ¶ 24, is unfounded. If the "independent" prison term in R.C. 2950.99(A)(2)(b) is "no less than three years," then what, pray tell, is the maximum sentence allowed by the statute? Is it five years, ten years, or even 100 years? Or is it always three years, rendering the words "no less than" superfluous? It is none of the above. The simplest and most obvious reading of R.C. 2950.99(A)(2)(b) and 2929.14 is that the former adds an enhanced mandatory minimum sentence to the latter and the latter provides the maximum sentence for each felony level.

{¶ 38} Ashcraft's repeated failure to provide a change-of-address notification for his sex-offender registration was a third-degree felony due to the felony level of his underlying sex offense. He was therefore subject to a prison

14

term of three years—no more, no less—under R.C. 2950.99(A)(2)(b) and 2929.14(A)(3)(b). The trial court's imposition of a nine-month prison term in addition to the mandatory three-year prison term was not authorized by law. I would reverse the judgment of the Fifth District Court of Appeals and reduce Ashcraft's prison sentence by nine months, and I therefore dissent.

_____

**STEWART, J., dissenting.**

{¶ 39} The language of R.C. 2950.99(A)(2)(b) does not support the majority opinion's conclusion that the statute clearly and unambiguously requires a trial court to enter a three-year prison term in addition to a prison term imposed for a repeat violation of the sex-offender registration laws. Instead, R.C. 2950.99(A)(2)(b) is ambiguous as to what is meant by the command that "the court imposing a sentence upon the offender shall impose a definite prison term of no less than three years." Because ambiguous statutes defining offenses or penalties must be strictly construed against the state and liberally construed in favor of the accused and because the majority's construction of the statute renders the statute subject to a void-for-vagueness challenge under the Due Process Clause of the Fifth Amendment to the United States Constitution, I would hold that R.C. 2950.99(A)(2)(b) requires only that the trial court impose at least a three-year prison term for a second violation of the sex-offender registration requirements, with the upper bound of the prison term being determined by what is permissible for the felony level assigned to the offense.

**The language of R.C. 2950.99(A)(2)(b) is ambiguous and therefore the rule of lenity applies**

{¶ 40} R.C. 2950.99(A)(2)(b) states:

> In addition to any penalty or sanction imposed under division (A)(1)(b)(i), (ii), or (iii) of this section or any other

provision of law for a violation of a prohibition in section 2950.04, 2950.041, 2950.05, or 2950.06 of the Revised Code, if the offender previously has been convicted of or pleaded guilty to * * * a violation of a prohibition in section 2950.04, 2950.041, 2950.05, or 2950.06 of the Revised Code * * * the court imposing a sentence upon the offender shall impose *a definite prison term of no less than three years.*

(Emphasis added.) The majority opinion reaches the conclusion that R.C. 2950.99(A)(2)(b) clearly and unambiguously requires a trial court to impose a three-year prison term in addition to any other penalty or sanction it imposes for a repeat violation of R.C. 2950.05. It determines that "any penalty or sanction" necessarily includes any allowable prison term under R.C. 2929.14 for the type of felony level at issue.

{¶ 41} To reach this determination the majority opinion makes the following assertions:

Those divisions [R.C. 2950.99(A)(1)(b)(i), (ii), and (iii)] do not impose penalties or sanctions independently, but they do determine the degree of the felony for the repeat violation. Therefore, in the repeat-violation provision, "penalty or sanction imposed under division (A)(1)(b)(i), (ii), or (iii)" *means any penalty or sanction imposed on the defendant for the degree of felony determined under those divisions. And courts impose sanctions based on the degree of felony under the base penalty statute.* Therefore, even if the repeat-violation provision had not used the sweeping phrase "any other provision of law," the remaining

language in the statute would still impose a three-year sentence in addition to any sentence imposed under the base penalty statute.

(Emphasis added.) Majority opinion, ¶ 12.

{¶ 42} The problem with the majority's analysis here is that it makes the mistake of simply *assuming* that the phrase "any penalty or sanction imposed" refers to trial-court action—specifically, the imposition of a sentence[2] including the penalty or sanction of a prison term applicable to the felony level for a repeat violation of R.C. 2950.05. But this is not the only fair reading of the statute. Another reasonable interpretation of the statute is that "penalty or sanction imposed" does not refer to the sentence imposed by the trial court but simply refers to the penalties and sanctions imposed in the statutes themselves by the legislature. *See, e.g.*, *State v. Revie*, 220 N.J. 126, 140, 104 A.3d 221 (2014), fn. 4 ("The revocation of a DWI offender's driver's license constitutes an administrative penalty *imposed by N.J.S.A. 39:4-50(a)*" [emphasis added]).

{¶ 43} It is thus just as reasonable to read R.C. 2950.99(A)(2)(b) to mean that in addition to whatever penalties or sanctions are imposed under the law—in other words, in addition to all other applicable sentencing options, considerations, and constraints on trial-court discretion—a court imposing a sentence for a repeat violation of a sex-offender registration obligation is nevertheless required to impose at least a three-year prison term for the offense. Under this interpretation of the statute, a trial court is required to impose a prison sanction and it is required to impose at least a three-year term of imprisonment. Nevertheless, this prison term of at least three-years is not an additional prison term; it is simply the floor for any prison term imposed. When it comes to a repeat violation of registration requirements that constitutes a third-degree felony, such as in this case, a three-year

---

2. "Sentence" is defined as "the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense." R.C. 2929.01(EE).

term of imprisonment is both the floor and the ceiling because a third-degree felony carries a maximum term of imprisonment of 36 months, or three years. *See* R.C. 2929.14(A)(3)(b). For second- and first-degree felony repeat registration violations, the permissible ceiling for a prison term will be determined by the longest, permissible prison sentence allowed for the felony offense level.

{¶ 44} While the majority's interpretation may be reasonable, it certainly is not the *only* reasonable interpretation of the statute, as demonstrated above. Nor is it the *most* reasonable interpretation, as explained in the next section. The point here is that when two reasonable interpretations exist, a statute is ambiguous. And when a statute defining offenses or penalties is ambiguous, R.C. 2901.04(A), Ohio's statutory rule of lenity, applies. *See State v. Pendergrass*, 162 Ohio St.3d 25, 2020-Ohio-3335, 164 N.E.3d 306, ¶ 25. Pursuant to this rule "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." R.C. 2901.04(A). A liberal construction of R.C. 2950.99(A)(2)(b) does not permit a trial court to impose a prison term for a repeat violation of a sex-offender registration obligation and then turn around and impose a separate, additional prison term of no less than three years, for the same offense.

### The majority's interpretation runs headlong into a void-for-vagueness problem

{¶ 45} As the concurring opinion and other dissenting opinion point out, the majority's analysis is problematic in that it ignores relevant language in the statute that cuts against the majority's interpretation that a trial court must impose an additional prison sentence of no less than three years in addition to whatever prison sentence it has already imposed for the offense. Specifically, the majority ignores the fact that R.C. 2950.99(A)(2)(b) says "no less than" when referring to the three-year sentence. As both the concurring opinion and other dissenting opinion make clear, the majority's interpretation of R.C. 2950.99(A)(2)(b) permits a trial court to

impose an additional prison sentence that ranges from three years to infinity. Not only is this absurd and an anomaly in our sentencing laws, but it also almost certainly renders the statute void for vagueness under the Due Process Clause of the Fifth Amendment to the United States Constitution. In *Beckles v. United States*, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017), the United States Supreme Court explained the void-for-vagueness doctrine:

> This Court has held that the Due Process Clause prohibits the Government from "taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson* [*v. United States*], 576 U.S. [591], at 595, 135 S.Ct. [2551, 192 L.Ed.2d 569 (2015)] (citing *Kolender v. Lawson*, 461 U.S. 352, 357-358, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983)). Applying this standard, the Court has invalidated two kinds of criminal laws as "void for vagueness": laws that define criminal offenses and *laws that fix the permissible sentences for criminal offenses*.
>
> For the former, the Court has explained that "the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Id*., at 357, 103 S.Ct. 1855. For the latter, the Court has explained that "statutes fixing sentences," *Johnson*, *supra*, at 596, 135 S.Ct., at 2557 (citing *United States v. Batchelder*, 442 U.S. 114, 123, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979)), *must specify the range of available sentences with "sufficient clarity," id*., at 123, 99 S.Ct. 2198; *see also United*

*States v. Evans*, 333 U.S. 483, 68 S.Ct. 634, 92 L.Ed. 823 (1948); *cf. Giaccio v. Pennsylvania*, 382 U.S. 399, 86 S.Ct. 518, 15 L.Ed.2d 447 (1966).

(Emphasis added.) *Id.* at ___, 137 S.Ct. at 892. Applying the majority's interpretation of the statute, R.C. 2950.99(A)(2)(b) almost certainly would not survive a due-process challenge, because it does not "specify the range of available sentences" at all, much less with "sufficient clarity." *See id.*; *see also*, *United Air Lines, Inc. v. Porterfield*, 28 Ohio St.2d 97, 100, 276 N.E.2d 629 (1971) ("on review of statutory acts, a court is bound to give a constitutional rather than unconstitutional construction if one is reasonably available").

{¶ 46} For all the above reasons, the language of R.C. 2950.99(A)(2)(b) does not clearly and unambiguously require a trial court to enter a three-year prison term in addition to a prison term imposed for a repeat violation of the sex-offender registration laws. The statute is ambiguous. Ambiguous statutes defining offenses or penalties must be strictly construed against the state and liberally construed in favor of the accused, and the majority's construction of the statute renders it subject to a void-for-vagueness challenge under the Due Process Clause of the Fifth Amendment to the United States Constitution. I therefore dissent.

———————————

Charles T. McConville, Knox County Prosecuting Attorney, and Nicole E. Derr, Assistant Prosecuting Attorney, for appellee.

Todd W. Barstow, for appellant.

Steven L. Taylor, urging affirmance on behalf of amicus curiae, Ohio Prosecuting Attorneys Association.

———————————